# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DAVID CLAPP**                                                                                       **PLAINTIFF**

**V.**                          **CASE NO. 3:19-cv-00061-JTK**

**ANDREW SAUL,**
**Commissioner of Social Security Administration**[1]                        **DEFENDANT**

## ORDER

### I.     Introduction

Plaintiff, David Clapp ("Clapp"), applied for disability insurance benefits on September 22, 2016 and later amended his onset date to December 31, 2015. (Tr. 34). Following his administrative hearing (Tr. 30-54), the Administrative Law Judge ("ALJ") issued a decision finding Clapp not disabled on July 27, 2018. (Tr. 11-23). The Appeals Council declined to review the ALJ's decision. (Tr. 1-3). The ALJ's decision now stands as the final decision of the Commissioner, and Clapp has requested judicial review.

For the reasons stated below, the Court reverses the ALJ's decision and remands for further review.

### II.    The Commissioner's Decision

The ALJ engaged in the five-step analysis to determine whether Clapp was disabled. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Clapp had not engaged in substantial activity since January 1, 2016. (Tr. 13). At step two, the ALJ found that Clapp had the following severe impairments: degenerative disc disease (DDD) fusion at C3-C6, degenerative joint disease (DJD) at the left wrist, and major depressive disorder (MDD). (Tr. 13). At step three, the ALJ

---

[1] On June 17, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

found that none of Clapp's impairments met the severity of those found in 20 CFR Part 404, Appendix 1. (Tr. 14). Therefore, the ALJ considered Clapp's residual function capacity ("RFC"), and ultimately determined that:

> The claimant retains the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours in an eight-hour workday; sit six hours in an eight-hour workday; and push and/or pull 10 pounds occasionally and less than 10 pounds frequently. The claimant may occasionally use the left hand for gross manipulation and/or fine manipulation. He would need to be allowed to wear a neck brace as needed. The claimant retains the mental ability to understand, remember, and carryout [*sic*] simple job instructions. The claimant retains the ability to make decisions/judgments in simple work-related situations. The claimant is able to respond appropriately with co-workers, supervisors, and the public. The claimant has the ability to respond appropriately to minor changes in the usual work routine.

(Tr. 15-16).

Based on this RFC and Clapp's other characteristics, the ALJ determined that Clapp would not be able to return to work as a welder based on the testimony of the Vocational Expert ("VE"). (Tr. 21). However, the ALJ relied on the VE to find that, based on Clapp's age, education, work experience, and RFC, two jobs exist in significant numbers in the national economy that Clapp can perform. (Tr. 22). The first is call out operator (SVP2/unskilled/sedentary) DOT #237.367-14, of which are there 8,000 positions nationally, and the second is surveillance system monitor (SVP2/unskilled/sedentary) DOT #379.367.010, of which there are 5,000 positions nationally. (Tr. 22). Therefore, the ALJ found that Clapp was not disabled. (Tr. 22).

### III. Discussion

#### a. Standard of Review

In reviewing a denial of benefits, the Court must determine whether the Commissioner's findings are supported by substantial evidence. *See Johnson v. Astrue,* 627 F.3d 316, 319 (8th Cir. 2010). This standard is "less than a preponderance, but sufficient for reasonable minds to

find it adequate to support the decision." *Id.* Ensuring that substantial evidence supports the Commissioner's decision means the Court must affirm the denial of benefits "even if the evidence supports inconsistent positions, as long as the evidence supports the Commissioner's position." *Id.* (citations omitted).

### b. Conflict Between VE's Testimony and *Dictionary of Occupational Titles*

Clapp presents four arguments on appeal, but this Court will only address his argument that the ALJ failed to resolve a conflict between the VE's testimony and the *Dictionary of Occupational Titles*.[2] The ALJ's hypothetical posed that "the individual would be able to understand, remember, and carry out simple job instructions," and the VE responded that the individual could perform the job of call-out operator and surveillance system monitor. (Tr. 22). Both positions require level three reasoning, which the *Dictionary of Occupational Titles* ("DOT") defines as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations." DOT, 1011 (4th Rev.ed. 1991). The DOT defines level two reasoning as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* It defines level one reasoning as the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions [and] [d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.*

Clapp argues that the ALJ failed to resolve an "apparent conflict between jobs requiring

---

[2] In light of the recommendation for remand, the Court need not address Clapp's arguments of assessment of medical opinions, failure to consider his consistent work record, and failure to include "moderate deficiencies in concentration, persistence, and pace" in the hypothetical.

3

Level 3 Reasoning and the limitation to simple work." Pl.'s Br. 20-21. Social Security Ruling (SSR) 00-4p dictates what ALJs should do when a "possible conflict" or "apparent unresolved conflict" arises between the VE's testimony and the information provided in the DOT. *See* SSR 00-4p, 2000 WL 1898704, *2-4 (Dec. 4, 2000). When inquiring about the requirements of a job, the ALJ "has an affirmative responsibility to ask about any possible conflict between… [the VE's] evidence and information provided in the DOT." *Id.* at *4. Thus, they must ask the VE if "the evidence he or she has provided conflicts with information provided in the DOT." *Id.* If there appears to be an "apparent unresolved conflict," the ALJ must elicit from the VE "a reasonable explanation for the apparent conflict" and "resolve the conflict by determining if the explanation given by the [VE] is reasonable and provides a basis for relying on the [VE's] testimony rather than on the DOT information." *Id.* at *2-4. In *Kemp v. Colvin*, the Eighth Circuit remanded a denial of benefits because the record did "not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical" and the requirements of the recommended job. 743 F.3d 630, 633 (8th Cir. 2014). Further, the Eighth Circuit has noted that "[t]he ALJ is not absolved of this duty merely because the VE responds 'yes' when asked if her testimony is consistent with the DOT." *Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014).

Turning now to Clapp's specific claims, he relies on *Thomas v. Berryhill*, 881 F.3d 672 (8th Cir. 2018) and *Stanton v. Comm'r. Soc. Sec.*, 899 F.3d 555 (8th Cir. 2018) for the proposition that "simple job instructions" is inconsistent with level three reasoning. In *Thomas*, the ALJ incorporated level one reasoning into the hypothetical by stating that the individual could perform "1 to 2 step tasks," and the VE testified that the individual could work as a new accounts clerk, which involves level three reasoning. *See* 881 F.3d at 676-77. The Eighth Circuit found an apparent conflict between the VE's testimony and the hypothetical individual, so,

"[u]nder the Commissioner's own policy, the ALJ was required to elicit from the expert an opinion on whether there is a 'reasonable explanation' for the conflict and determine whether the expert's testimony warranted reliance despite the conflicting information in the DOT." *Id.* at 678 (citing *Moore*, 769 F.3d at 989-90). Since the ALJ did not inquire any further into whether the individual could perform a job involving level three reasoning, the VE's testimony was not "substantial evidence on which the Commissioner could rely to conclude that Thomas was not disabled." *Id.*

*Stanton* involved a similar hypothetical where the ALJ included the ability to "carry out simple one to two step instructions." 899 F.3d at 556. The VE testified that the individual could work as a hospital or industrial cleaner, both of which involve level two reasoning. *See id.* at 558. In that case, the "ALJ asked the vocational expert whether [the VE's] testimony was consistent with the Dictionary," and the VE responded that it was "consistent with the *DOT* and [his] experience." *Id.* at 559-60. Nevertheless, the Eighth Circuit found that the ALJ's limiting to "one- to two-step" instructions incorporated level one reasoning, so there was an "apparent unresolved conflict" between the hypothetical and the VE's testimony. *See id.* at 560. Thus, the VE's response was unsatisfactory "because it did not address whether or why the expert's experience provided a basis to overcome an apparent conflict with the Dictionary" and "also admits of the possibility that the expert simply did not recognize the apparent conflict between his testimony and the Dictionary." *Id.* These two cases show that an apparent unresolved conflict exists between hypotheticals that incorporate level one reasoning and jobs that involve level two or level three reasoning. *See Thomas*, 881 F.3d at 676-78; *Stanton*, 899 F.3d at 559-560.

The Commissioner responds that Clapp's reliance on *Thomas* and *Stanton* is misplaced because both cases involve ALJs who specifically incorporate level one reasoning into their

hypotheticals. *See* Def.'s Br. 4. The Commissioner is correct that these cases are distinguishable from the record at issue in this case. Here, the ALJ did not limit the hypothetical to "one- to two-step" job instructions; he only stated that the individual could carry out "simple job instructions." (Tr. 51). Based on this, the Court cannot rely on *Thomas* and *Stanton* to declare that there is an "apparent unresolved conflict" between the hypothetical and the two proffered jobs.

Another social security appeal arising out of this District had strikingly similar facts. *See Gilbert v. Berryhill*, No. 3:18-cv-00198-PSH, 2019 U.S. Dist. LEXIS 125697, *6, 2019 WL 3416869, *3 (E.D. Ark. July 29, 2019). That case also involved a hypothetical with the "ability to understand, remember, and carry out *simple* job instructions," and the VE testified that the individual "could perform the jobs of call out operator and surveillance monitor." *Id.* at *1. As here, the court found that neither *Thomas* nor *Stanton* was decisive and went on to survey a variety of other cases involving hypotheticals with "simple" work designations and proposed jobs of varying reasoning levels. *See id.* at *3 (collecting cases). Ultimately, that court found that the prior cases did not easily resolve its case, and the case law on conflicts required "the Court to determine, almost in mathematical fashion, whether the ALJ's description of Gilbert's reasoning ability was equivalent to level 1, 2, or 3 reasoning ability as defined in the DOT." *Id.* at *3. That court determined that "simple job instructions" could be equivalent to level one or level two reasoning, so it remanded "to clarify and obtain additional testimony from the VE." *Id.* at *4.

Since the ALJ here also did not utilize language directly from the DOT's reasoning levels, it is unclear whether the ALJ and VE thought that Clapp could perform a job involving level three reasoning. While ALJs are under no obligation to directly incorporate the language of the DOT into hypothetical questions, they do have an obligation to inquire into "any possible conflict" between the DOT's requirements and VE's testimony. *See* SSR 00-4p, at *2-4; *see also*

*Kemp*, 743 F.3d at 633; *Moore*, 769 F.3d at 989. In this case, there is a possible conflict between the ability to "understand, remember, and carry out simple job instructions" and level three reasoning. (Tr. 52); *see also* DOT at 1011. When the VE offered that the individual could perform the job of call-out operator or surveillance system monitor, the ALJ did not even ask whether the VE's testimony conflicted with the information in the DOT. Neither the ALJ nor the VE mentioned reasoning capacity for the remainder of the hearing. (Tr 52-54). Instead, the ALJ moved on by altering the hypothetical with added work breaks. (Tr. 52). Thus, it is possible that neither the ALJ nor the VE recognized the possible conflict between "simple job instructions" and level three reasoning required by these jobs. *See Stanton*, 899 F.3d at 560. The Eighth Circuit has long held that "before an ALJ can rely on a vocational expert's testimony that appears to conflict with a Dictionary listing, the ALJ must identify and resolve the conflict. Otherwise, the vocational expert's testimony is not substantial evidence to support a denial of benefits." *Id.* at 558. The Commissioner adopted this rule in 2000 "as its own in Social Security Ruling 00-4p, 2000 SSR LEXIS 8, and we have continued to apply it." *See id.* In this case, the ALJ failed to identify and resolve the possible conflict between the "simple job instructions" and level three reasoning, so it must be remanded.

On remand, the ALJ should obtain additional testimony from the VE regarding this possible conflict. The ALJ should specify the highest DOT reasoning level compatible with Clapp's ability, and the VE should, if necessary, explain any discrepancy between Clapp's reasoning level and the reasoning level required by jobs cited by the VE.

**IV. Conclusion**

The case is remanded for further proceedings consistent with this Order.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is reversed and

7

remanded. This remand is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

    IT IS SO ORDERED this 19th day of February, 2020.

                                              JEROME T. KEARNEY
                                              UNITED STATES MAGISTRATE JUDGE